**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

GEORGE YESKE, *et al.*,

        Plaintiffs,

vs.

ALEX BENDETOV, *et al.*,

        Defendants.

Case No. 2:14–cv–1177–JCM–VCF

**REPORT & RECOMMENDATION**

This matter is before the court on *pro se* Plaintiffs' application to proceed *in forma pauperis* (#1). For the reasons stated below, the court recommends denying Plaintiffs' application and dismissing the action, unless Plaintiffs submit the filing fee by August 15, 2014.

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. However, the court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed .Appx. 157 (2nd Cir. 2002).

Here, Plaintiffs' application to proceed *in forma pauperis* states their income totals $8,000.00 per month. Plaintiffs' application also states that they own a 2002 Ford Thunderbird and that their expenses only total $2,500.00 per month. Based on the financial information provided, the court finds that

Plaintiffs have the ability to pay court fees. Accordingly, after considering the financial information provided, and to maintain the integrity of the indigent request process, the court recommends that Plaintiffs' application to proceed *in forma pauperis* be denied.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Plaintiffs' application to proceed *in forma pauperis* (#1) be DENIED.

IT IS FURTHER RECOMMENDED that Plaintiffs' action be DISMISSED unless Plaintiffs' submit the filing fee by August 15, 2014.

IT IS SO RECOMMENDED.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing

party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 28th day of July, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE