UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GEORGE YESKE, et al., | Case No. 2:14-CV-1177 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| ALEX BENDETOV, et al., | |
| Defendant(s). | |

Presently before the court is a motion for preliminary injunction filed by plaintiffs George and Felecitas Yeske (hereinafter "plaintiffs"). (Doc. # 5). Defendants did not file a response, and the deadline to respond has now passed.

**I.    Background**

Plaintiffs filed the instant action to enforce an option to purchase agreement, alleging federal RICO claims and violations of state law for racketeering, deceptive sales practices, and mortgage fraud. (Doc. # 1-1).

Plaintiffs claim that defendants are attempting to evict plaintiffs through "a pattern of deceit and harmful actions." (Doc. # 5). They allege that defendants are circumventing the parties' lease agreement by providing a false address to send lease payments.

Plaintiffs assert that they sent their August rent payment to defendants at the above-mentioned address and that it was returned. According to plaintiffs, defendants now seek to improperly evict plaintiffs based on their failure to pay the August rent. (Doc. # 5). Plaintiffs claim that defendants' efforts at eviction are retaliatory, based on plaintiffs' filing of the present action. (Doc. # 5).

**James C. Mahan**
**U.S. District Judge**

In the instant motion, plaintiffs ask the court to order defendants to "cease and desist any further actions" against plaintiffs resulting from defendants' "deliberate[] and malicious[] acts of intimidation and violation of the law in general." (Doc. # 5). Plaintiffs also seek sanctions against defendants in the amount of $2,000 for expenses incurred in defending against defendants' claims.[1] (Doc. # 5).

## II.  Legal Standard

Federal rule of civil procedure 65 provides that the court may issue a preliminary injunction on notice to the adverse party. Fed. R. Civ. P. 65(a)(1). A preliminary injunction seeks to preserve the status quo and prevent irreparable harm from occurring before a judgment is issued. *Textile Unlimited Inc. v. BMH & Co.*, 240 F.3d 781, 786 (9th Cir. 2001).

The Supreme Court has stated that courts must consider the following elements in determining whether to issue a preliminary injunction: (1) likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008). The test is conjunctive, meaning the party seeking the injunction must satisfy each element.

Additionally, post-*Winter*, the ninth circuit has maintained its serious question and sliding scale tests. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). "Under this approach, the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id.*

"Serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

. . .

. . .

---

[1] Pursuant to District of Nevada Special Order 109(III)(F)(4), a separate document must be filed on the docket for each purpose. The court cannot consider plaintiff's request for sanctions unless it is filed separately, as a motion.

**James C. Mahan**
**U.S. District Judge**

- 2 -

**III.     Discussion**

Plaintiffs seeking a preliminary injunction have a burden to satisfy each of the four elements above. *See Winter*, 555 U.S. at 20. In their motion, plaintiffs allege wrongdoing by defendants but fail to explain how they meet each element. Nevertheless, the court will address each element to determine whether plaintiffs' claim for a preliminary injunction has merit.

The evidence before the court fails to show a likelihood of success on the merits. Plaintiffs allege that they have a right to purchase the property pursuant to the option to purchase agreement. (Doc. # 1-1). However, the default notice included as an exhibit to plaintiffs' complaint shows records of plaintiffs' failure to pay their July rent. (Doc. # 1-1). This evidence warrants termination of the lease and eviction of plaintiffs based on their rental agreement.

Plaintiffs contend that pursuant to their right to contest the notice of default, they provided payment to defendant Williams, the building manager, after a hearing in the North Las Vegas Justice Court. (Doc. # 5). Plaintiffs claim that the justice court ruled in their favor, finding that defendants were entitled to collect the lease payments but no other fees. (Doc. # 5). However, plaintiffs fail to provide any record or corroborating evidence of these proceedings or plaintiffs' rent payments.

Plaintiffs similarly have not shown a likelihood of success on their option to purchase claims. Plaintiffs allege that defendants are in violation of the option to purchase agreement. Notably, plaintiffs provide evidence that they made the $3,000 option payment on February 28, 2013. (Doc. # 1-1). However, plaintiffs also include an email exchange suggesting that plaintiffs failed to provide proof of loan approval or their ability to purchase. (Doc. # 1-1). Therefore, it is possible that plaintiffs' claims alleging defendants' refusal to sell are premature.

Plaintiffs claim that eviction would cause damage to plaintiffs and enrich defendants. (Doc. # 5). However, because plaintiffs fail to show that they have complied with all the terms of the lease agreement and thus are entitled to remain on the property, the court cannot find a likelihood of irreparable injury absent an injunction.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

James C. Mahan
U.S. District Judge

The court similarly lacks the evidence necessary to find that a balancing of the hardships weighs in plaintiffs' favor or that an injunction would serve the public interest. Therefore, the court finds that the motion for preliminary injunction should be denied.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion for preliminary injunction, (doc. # 5), be, and the same hereby is, DENIED.

DATED September 25, 2014.

_____
UNITED STATES DISTRICT JUDGE