UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GEORGE YESKE, et al.,

    Plaintiff(s),

    v.

ALEX BENDETOV, et al.,

    Defendant(s).

Case No. 2:14-CV-1177 JCM (VCF)

ORDER

Presently before the court is a motion to dismiss filed by defendants Alex Bendetov, James H. Eagan, Limestone Investments, LLC, Sunrise Trust, and Wendi Williams (hereinafter "defendants"). (Doc. # 7). *Pro se* plaintiffs Felicitas Yeske and George Yeske (hereinafter "plaintiffs") filed a response, (doc. # 9), and defendants filed a reply, (doc. # 12).

Also before the court is plaintiffs' motion for leave to amend their complaint. (Doc. # 10). Defendants filed a response. (Doc. # 13). Plaintiffs did not file a reply, and the deadline to reply has now passed.

Also before the court is plaintiffs' motion to quash defendants' response. (Doc. # 14). Defendants filed a response. (Doc. # 15). Plaintiff did not file a reply, and the deadline to reply has now passed.

**I.  Background**

Plaintiffs contracted with defendant Bendetov to lease a home. The contract included an option to purchase. Plaintiffs allege that the remaining defendants participate in defendant Bendetov's business and act as his agents. (Doc. # 1-1).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

Plaintiffs claim that defendants charged them unwarranted fees for repairs that were outside the scope of their contractual obligations. Plaintiffs also contend that defendant Eagan has attempted to defraud plaintiffs by misinterpreting the contract and refusing to allow them to exercise an option to purchase. Plaintiffs further state that defendant Williams improperly sent them an eviction notice on defendant Bendetov's behalf. Finally, plaintiffs allege that defendant Bendetov fraudulently provided the incorrect address for them to send their rent payments.

Plaintiffs filed the instant action based on the above conduct, alleging a federal RICO claim and violations of state law for racketeering, deceptive sales practices, and mortgage fraud. (Doc. # 1-1). On August 27, 2014, plaintiffs filed a motion for a preliminary injunction, (doc. # 5), which the court denied. (Doc. # 11).

Defendants now move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. # 7). Plaintiffs move for leave to amend their complaint, (doc. # 10), and move to quash defendants' response to their motion for leave to amend, (doc. # 14).

**II.   Legal Standard**

*i.   12(b)(1) dismissal*

A court may dismiss a plaintiff's complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal Rule of Civil Procedure 12(b)(1) permits a party to assert this defense by motion. *Id.* When presented as a factual challenge, a rule 12(b)(1) motion can be supported by affidavits or other evidence outside of the pleadings. *United States v. LSL Biotechs.*, 379 F.3d 672, 700 n.14 (9th Cir. 2004) (citing *St. Clair v. City of Chicago*, 880 F.2d 199, 201 (9th Cir. 1989)).

"A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

**James C. Mahan**
**U.S. District Judge**

*ii.*     *12(b)(6) dismissal*

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### iii.     Motion to amend

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave.

In *Foman v. Davis,* 371 U.S. 178 (1962), the Court explained: "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182.

Further, local rule 15-1(a) requires that a plaintiff submit a proposed, amended complaint along with its motion to amend. LR 15-1(a).

### III.    Discussion

### i.     12(b)(1) dismissal

Defendants contend that the court lacks jurisdiction because the parties are not completely diverse. (Doc. # 7). While defendant Bendetov resides out-of-state, at least one other defendant is domiciled in Nevada. (Docs. # 1-1, 7).

Defendants are correct that diversity jurisdiction is not properly invoked in this case. *See* 28 U.S.C. § 1332(a)(1). Plaintiffs acknowledge that diversity is non-existent here, but contend that the court possesses federal question jurisdiction. (Doc. # 9).

**James C. Mahan**
**U.S. District Judge**

- 4 -

As defendants note, only three of plaintiff's claims arise under Nevada law. Plaintiff's complaint also includes a RICO allegation. (Doc. # 1-1). Because this claim arises under a federal statute, the court has federal question jurisdiction over it. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

As a result, the court may also assert supplemental jurisdiction over plaintiffs' state law claims based on the same conduct. *See* 28 U.S.C. § 1367(a). Therefore, plaintiffs' motion to dismiss is not properly granted under Rule 12(b)(1). Notably, dismissal of plaintiffs' state law claims would be appropriate if plaintiff's federal claim were dismissed under Rule 12(b)(6). This will be addressed below.

   *ii.* *12(b)(6) dismissal*

Defendants also seek dismissal under Federal Rule of Civil Procedure 12(b)(6). (Doc. # 7). Defendants claim that plaintiffs' RICO claim is insufficiently pled under the legal standard above.

Plaintiff's complaint alleges that defendants engaged "in a pattern of [r]acketeering in violation of the RICO act." (Doc. # 1-1). It states that defendants "regularly engage in the use of the US [m]ail and various forms of telephonic and electronic contact measures to further their case." Plaintiffs contend that defendants have a propensity "to attempt to engage the [p]laintiffs in a planned and organized method of fraud . . . ." (Doc. # 1-1). Plaintiffs cite the definition of an "enterprise" from the RICO Act and claim that defendants qualify. As such, plaintiffs claim that defendants "have clearly passed the legal mark for a pattern of activity as required to prove RICO."

In terms of factual assertions, plaintiffs' complaint alleges that defendants failed to abide by the terms of the parties' written contract. (Doc. # 1-1). The complaint further alleges that defendants attempted to collect unwarranted fees for repairs, refused to provide services required by the contract, and refused to allow plaintiffs to exercise their option to purchase. (Doc. # 1-1). Defendants claim that plaintiffs' complaint is insufficient because it "contains no specific allegations as to when, where, or how these alleged violations occurred." (Doc. # 12).

1  The relevant standard requires that plaintiffs' complaint state "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Taking plaintiffs' factual allegations as true, the court must conclude that plaintiffs' complaint contains sufficient facts to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

Plaintiffs fail to meet this standard here. Plaintiffs' asserted RICO cause of action is largely conclusory, and does not allege any particular conduct that qualifies as racketeering as defined by 18 U.S.C. § 1961. Plaintiffs' contract claims do not meet this standard, and plaintiffs do not produce any facts supporting their claim that defendants are engaged in an "enterprise" sufficient to meet the statutory standard. Accordingly, dismissal under Rule 12(b)(6) is appropriate.

The court therefore declines to exercise supplemental jurisdiction over plaintiff's remaining state law causes of action. *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) (holding that "where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice"). Based on this standard, the court will dismiss plaintiffs' state law claims without prejudice.

    *iii.*    *Motion to amend*

Plaintiffs seek leave to amend their complaint to correct typographical errors and clarify their claims. (Doc. # 10). Plaintiffs contend that they improperly cited the statute for diversity jurisdiction in their complaint, and that they should be allowed leave to amend to correct this misstatement. Defendants respond that "[w]hat type of jurisdiction Plaintiffs are claiming is unknown and is not mentioned in the Motion." (Doc. # 13).

As addressed above, the court possesses federal question and supplemental jurisdiction over plaintiffs' claims. However, the court finds that leave to amend would be futile, as plaintiffs have failed to identify any grounds for a RICO claim based on the facts of the instant case. Plaintiffs' motion to amend addresses only the jurisdictional issue, without any argument

**James C. Mahan**
**U.S. District Judge**

- 6 -

as to the merits of plaintiffs' claims or proposed amended claims. Plaintiffs' other filings also fail to provide any evidence that amendment would cure the complaint's deficiencies.

Further, while plaintiffs state in their motion to amend that they are attaching an amended complaint, they fail to do so. Accordingly, under Local Rule 15-1(a), granting leave to amend is inappropriate. The court will deny plaintiffs' motion to amend their complaint on these grounds.

   *iv.*  *Motion to quash*

Plaintiffs also filed a "motion to quash" defendants' opposition to plaintiffs' motion to amend their complaint.[1] (Doc. # 14). Plaintiffs argue that the court should "quash" the defendants' motion for failure to comply with Local Rule 10-2(b), because defendants mistakenly titled their motion with the wrong court name.[2] Plaintiffs contend that this must mean that "[d]efendants are attempting to change venue on their own or lack respect for the judicial process on the Federal Level."

The court does not find reason to quash defendants' opposition. Defendants' typographical error has no bearing on the substance of the parties' filings and the court's resolution of the instant motions. As defendants note, "[t]he Court may *sua sponte* or on motion change, dispense with, or waive any of [the local rules] if the interests of justice so require." LR IA 3-1. The court finds that, to the extent defendants have violated any applicable local rule, this standard applies here. Accordingly, the court will deny plaintiffs' motion to quash.

**IV.** **Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss, (doc. # 7), be, and the same hereby is, GRANTED. Plaintiff's fourth claim for relief is hereby DISMISSED.

---

[1] Motions to quash are appropriate in certain instances in response to subpoenas and improper service of process, under Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 45(d)(3). Because these standards are inapplicable here, the court will not discuss them. Plaintiffs appear to be asking the court to strike defendants' opposition. The court will address the merits of plaintiffs' motion regardless of its proper label.

[2] Defendants' response to plaintiffs' motion to amend is addressed to the Eighth Judicial District Court of Clark County, Nevada.

**James C. Mahan**
**U.S. District Judge**

- 7 -

IT IS FURTHER ORDERED that plaintiffs' first, second, and third claims for relief (the state law claims) be, and the same hereby are, DISMISSED without prejudice.

IT IS FURTHER ORDERED that plaintiffs' motion for leave to amend complaint, (doc. # 10), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiffs' motion to quash, (doc. # 14), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the clerk shall enter judgment accordingly and close the case.

DATED November 14, 2014.

_____
UNITED STATES DISTRICT JUDGE